IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC., | § | |
| | § | No. 445, 2023 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. Nos. 9700 & 10449 |
| ROBERT PINCUS, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: December 1, 2023
Decided: December 8, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:[1]

(1) The appellant, TransPerfect Global, Inc., filed this appeal from the Court of Chancery's November 1, 2023 letter decision overruling TransPerfect's objections to the fee petitions filed by the appellee, Robert Pincus (the "Former Custodian"), for legal expenses that he incurred between April 2023 and June 2023

---

[1] The Court assumes the reader's familiarity with the extensive litigation history of the underlying cases. *See TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630 (Del. 2022); *TransPerfect Glob., Inc. v. Pincus*, 2019 WL 7369433 (Del. Dec. 31, 2019); *Shawe v. Elting*, 157 A.3d 152 (Del. 2017).

(the "Letter Decision").[2]  On November 13, 2023, TransPerfect asked the Court of Chancery to certify an interlocutory appeal of the Letter Decision under Supreme Court Rule 42.  The Former Custodian opposed the application.

(2)  On November 30, 2023, the Court of Chancery denied TransPerfect's application.[3]  As an initial matter, the court accepted TransPerfect's position that the Letter Decision resolved a substantial issue of material importance—a threshold consideration under Rule 42.[4]  But the Court of Chancery found that none of the Rule 42(b)(iii) factors cited by TransPerfect—Factors A (the decision involves a novel question of law), B (the decision conflicts with other trial court decisions), C (the decision concerns the constitutionality, construction, or application of a statute that should be settled by this Court before the entry of a final order), and H (interlocutory review would serve the considerations of justice)—supported the certification of an interlocutory appeal.

(3)  As to Factor A, the Court of Chancery disagreed with TransPerfect's characterization of the Letter Decision as "den[ying TransPerfect] due process and the right to appeal, which, under the circumstances, represents a question of law not previously resolved."[5]  To the contrary, the court found that its ruling did not resolve

---

[2] *In re TransPerfect Glob., Inc.*, 2023 WL 7182135 (Del. Ch. Nov. 1, 2023).
[3] *In re TransPerfect Glob., Inc.*, 2023 WL 8281559 (Del. Ch. Nov. 30, 2023).
[4] Del. Supr. Ct. R. 42(b)(i).
[5] *In re TransPerfect Glob., Inc.*, 2023 WL 8281559, at *2 (quoting TransPerfect's application).

a novel legal question and that TransPerfect maintains the appellate rights to which it was previously entitled. The court likewise found that Factor B did not favor certification because the Letter Decision did not conflict with existing case law— TransPerfect merely disagrees with the court's finding that the Former Custodian was not seeking advancement for his counsel's preparation of billing statements and the like. And the Court of Chancery rejected TransPerfect's conclusory argument that Factor C weighed in favor of certification. Finally, the court found that Factor H did not favor certification: TransPerfect retains its appellate rights, and the court was entitled to apply its earlier rulings to TransPerfect's challenges to the Former Custodian's most recent fee petitions.

(4) Applications for interlocutory review are addressed to this Court's sound discretion.[6] We agree with the Court of Chancery that interlocutory review is not warranted in this case. Exercising our discretion and giving due weight to the Court of Chancery's analysis, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Letter Decision do not exist,[7] and the potential benefits of interlocutory review do not

---

[6] Del. Supr. Ct. R. 42(d)(v).
[7] Del. Supr. Ct. R. 42(b)(ii).

3

outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED. The filing fee paid by TransPerfect will be applied to any future appeal it files from an interlocutory appeal certified by the Court of Chancery or a final order entered in the case.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[8] Del. Supr. Ct. R. 42(b)(iii).